### SPARKS v. DAVIS.

Every judgment creditor, who can make the requisite showing, is entitled to institute supplementary proceedings, and a creditor who obtains his judgment after a receiver of the debtor's property has been appointed in a former proceeding, is entitled to have an examina-

tion of the judgment debtor. But there cannot be more than one appointment of receiver.

Before WALLACE, J., Greenville, October, 1885.

The opinion fully states the case.

*Mr. W. L. Wait*, for appellant.

*Mr. J. H. Heyward*, contra.

October 11, 1886. The opinion of the court was delivered by MR. JUSTICE MCGOWAN. The plaintiff recovered judgment against the defendant on April 1, 1885, and, upon the affidavit required in such cases, instituted supplementary proceedings against him on September 23, 1885, in which Judge Wallace ordered that the defendant, Thomas W. Davis, "should appear before S. J. Douthit, Esq., master for Greenville County, at his office in the city of Greenville, on September 26, instant, to make discovery on oath concerning his property," &c. This order Davis resisted, and gave notice that he would apply to Judge Wallace for an order vacating the aforesaid order in supplementary proceedings, upon the ground that in another case, on the second day of January, 1884, David P. Verner, Esq., was appointed receiver of the property of the said debtor, under supplementary proceedings instituted in a suit by the "Dauntless Manufacturing Company" against him, before the plaintiff, Sparks, had obtained his judgment.

Judge Wallace refused to vacate the order directing the debtor to be examined, holding that "all the conditions prescribed by the code, as precedent to supplementary proceedings, existed in the above entitled action at the time the order sought to be vacated was signed; that appearing, the plaintiff was entitled to the order. The fact that a similar order had been taken in another action by another plaintiff against the same defendant cannot affect the plaintiff's rights, because he was not a party to that action and had no power to intervene in it and examine the defendant or submit other testimony touching his estate and effects. The fact that a receiver having been appointed under

another action, is a bar to the appointment of another receiver in this action, does not destroy the right of the plaintiff here to his statutory method for the discovery of property applicable to his judgment, and which, if discovered, may be administered by the receiver already appointed," &c.

From this order Davis appeals on the following exceptions: "I. Because his honor erred in refusing to vacate the order for supplementary proceedings in this action, when it appeared that a receiver for all of the defendant's property, which could be applied to the payment of his debts, had already been appointed under supplementary proceedings in another action. II. Because when it appeared that supplementary proceedings had been instituted against the defendant in another action and a receiver appointed thereunder, no other order for supplementary proceedings against him should have been made, unless it had appeared in the affidavit therefor that he had acquired property since the date of the receiver's appointment in the former proceeding, which would be applicable to the judgments against him, and the order for the examination in this action should have been dismissed for that reason. III. Because in any event the examination should have been confined to the period of time subsequent to the date of the receiver's appointment in the former proceeding, and his honor erred in deciding that the plaintiff in this action was entitled to an unlimited examination into the defendant's affairs under this proceeding," &c.

Section 312 of the Code provides that "when an execution against property of the judgment debtor * * is returned unsatisfied, the judgment creditor, at any time after such return made, is entitled to an order from a judge of the Circuit Court, requiring such judgment debtor to appear and answer concerning his property before such judge at a time and place specified in the order, within the county to which the execution was issued." (The examination may now be before a referee appointed for that purpose. Section 316.) Section 318 of the Code, after giving the judge power to appoint a receiver of the property of the judgment debtor, provides: "But before the appointment of such receiver, the judge shall ascertain, if practicable, by the oath of the party or otherwise, whether any other supplementary pro-

ceedings are pending against the judgment debtor; and if such proceedings are so pending, the plaintiff therein shall have notice to appear before him, and shall likewise have notice of all subsequent proceedings in relation to said receivership. No more than one receiver of the property of a judgment debtor shall be appointed," &c.

It thus appears that the right to institute supplementary proceedings is given to every judgment creditor who can make the required showing, without any limitation or qualification whatever. Each creditor is independent of the others, and entitled for himself to seek his legal remedies. In order, doubtless, to secure the regular and orderly administration of the discovered assets or property of the debtor, the appointment of receiver is limited to one. We cannot, however, see that there is any inhibition against a judgment creditor instituting his own proceeding, at least down to the time of the appointment of a receiver, who, when appointed, is required to perform certain duties for all those claiming the remedy of the statute. In the case of *Kennesaw Mills Co.* v. *Walker*, 19 *S. C.*, 104, cited by the counsel of the appellant, there were two independent proceedings by different creditors, and the debtor was examined in both cases; but as the time and place and referee were the same in both, they were allowed, as a matter of convenience, to be heard together.

Even after the appointment of a receiver in one case, we find no absolute prohibition against the institution of other supplementary proceedings by a different creditor, only that "notice should be given of all subsequent proceedings in relation to such receivership," &c. Besides, in this case the plaintiff, Sparks, had not obtained his judgment when Mr. Verner was appointed receiver in 1884; and therefore being in no sense a party to the proceeding in which he was appointed, he had no power to intervene in it and examine the defendant, or to submit other testimony touching his property and effects. We do not understand that the order authorizing the plaintiff, Sparks, to examine the defendant, contemplated the appointment of another receiver in his case, and as the Circuit Judge said: "The statute does not seem to provide that this remedy is to be enforced by one judgment creditor only, or that the remedy is exhausted by being

enforced in one action, and that subsequent judgment creditors have no right of discovery under it."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.